UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Roger FRYE LARGO,<br><br>                                          Petitioner,<br><br>v.<br><br>John DOE, WARDEN, OTAY MESA<br>DETENTION CENTER, et al.,<br><br>                                          Respondents. | Case No.:  26-cv-0887-AGS-BLM<br><br>**ORDER REQUIRING RESPONSE** |
|---|---|

Unrepresented petitioner Roger Frye Largo seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.) At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

Frye Largo's petition is thin on details. He claims to have been in "immigration custody" since "June" "2025." (ECF 1, at 1.) But he doesn't explain the circumstances or basis for that custody. (*See generally id.*) Instead, he alleges constitutional injury because his "detention is arbitrary and prolonged" and "violating due process" "[u]nder Zadvydas v. Davis." (*Id.* at 1.)

Despite the lack of detail, this claim is not frivolous. If his immigration-court proceedings are ongoing, then his case warrants an answer because some courts have concluded that prolonged detention can violate due process even for those subject to

1

mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). And if he has a final order of removal, then his roughly eight months of detention could warrant release. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (establishing a procedure for challenging the constitutionality of post-removal-order detention that lasts beyond a "presumptively reasonable period" of "six months").

Thus, the government must answer. By **February 23, 2026**, respondents must file their return. Petitioner may file any reply by **March 2, 2026**.

Dated:  February 14, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

26-cv-0887-AGS-BLM